**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT CAULDWELL,

Plaintiff,

vs. Case No. 3:26-cv-1898-MMH-PDB

FEDERAL RESERVE BANK
OFFICE OF EMPLOYEE
BENEFITS, et al.,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff Robert Cauldwell initiated this action on July 27, 2026, by filing his Complaint for a Civil Case (Doc. 1; Complaint). Upon review, the Court finds that the Complaint is due to be stricken as it does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Rule(s)). In the analysis that follows, the Court will discuss some of the problems with the Complaint and provide Cauldwell with the opportunity to file a corrected complaint consistent with the Rules. Cauldwell should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing his corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant[s] be on notice as to the claim being asserted against [them] and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). In addition, Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." See id. Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoted authority omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages

Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

The Eleventh Circuit Court of Appeals has a term for complaints which violate Rules 8 and 10 in the ways discussed above – shotgun pleadings. See Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020). Significantly, although pro se pleadings such as Plaintiff's are construed more liberally than those drafted by attorneys, the Eleventh Circuit regardless has "little tolerance for shotgun pleadings." See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (quotations omitted). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.9 (11th Cir. 2015) (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997). When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own

initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Here, Cauldwell fails to sufficiently present a short and plain statement of his claim. Indeed, the allegations in the Complaint are vague, and it is unclear what claim (or claims) Cauldwell is asserting. See generally Complaint. Moreover, Cauldwell's factual allegations are not set forth in numbered paragraphs, and the Complaint does not contain any separately identifiable count. See id. 5–6. As a result, it is impossible to discern what claim Cauldwell asserts, what the basis for his claim is, and what each defendant is alleged to have done. This manner of pleading fails to comply with Rules 8 and 10 and ultimately fails "'to give the defendants adequate notice of the claims against them and the grounds upon which those claims rest.'" See Tran, 817 F. App'x at 913 (quoting Weiland, 792 F.3d at 1323).

Because the Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Cauldwell to file a corrected complaint. See Holbrook, 405 F. App'x at 460–61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In the corrected complaint, Cauldwell must avoid the pleading deficiencies discussed above by (1) describing in sufficient detail the factual and legal basis for each of

his claims and how each defendant is responsible for each claim, (2) setting forth his allegations in numbered paragraphs, and (3) setting forth each of his claims in a separately identifiable count. Importantly, when repleading with separate counts, Cauldwell should take care to avoid drafting a complaint in which he adopts or incorporates the allegations of preceding counts, as this also constitutes a form of impermissible shotgun pleading. See Weiland, 792 F.3d at 1321 ("The most common type [of shotgun complaint] … is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). Failure to comply with the Rules and this Order may result in the dismissal of this action without further notice.

Prior to filing his corrected complaint, the Court encourages Cauldwell to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Cauldwell may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at

www.flmd.uscourts.gov/legal-information-program.[2]

Accordingly, it is

**ORDERED**:

1. Robert Cauldwell's Complaint for a Civil Case (Doc. 1) is **STRICKEN**.
2. Cauldwell shall file a corrected complaint consistent with the directives of this Order on or before **August 31, 2026**.[3] Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of August, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Pro se party

---

[2] In preparing the corrected complaint and any future filings, the Court recommends that Cauldwell visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Cauldwell does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

[3] The filing of the corrected complaint does not affect any right Cauldwell may have to amend as a matter of course under Rule 15(a)(1).