**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT CAULDWELL,

Plaintiff,

vs. Case No. 3:26-cv-1898-MMH-PDB

FEDERAL RESERVE OFFICE OF EMPLOYEE BENEFITS AND PENSION COMMITTEE,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Robert Cauldwell, initiated this action on July 27, 2026, by filing his Complaint for a Civil Case (Doc. 1; Complaint). On August 7, 2026, the Court entered an Order (Doc. 7; Shotgun Order) striking the Complaint as an improper shotgun pleading. See Shotgun Order at 7. In doing so, the Court explained some of the rules of pleading that apply in federal court and identified some problems with the Complaint as drafted. See generally id. at 2–5. The Court directed Cauldwell to file a corrected complaint consistent with the directives of the Shotgun Order and cautioned Cauldwell that "[f]ailure to do so may result in the dismissal of this action." Id. at 7.

On August 17, 2026, Cauldwell filed his Complaint for a Civil Case (Doc. 12; Corrected Complaint). The following day, Cauldwell filed a Notice of Supporting Documentation for Complain[t] by Plaintiff (Doc. 15; Exhibits), to which he attached several exhibits. Upon review, the Court finds that the Corrected Complaint is due to be stricken as it still constitutes an impermissible "shotgun pleading" and does not comply with the Federal Rules of Civil Procedure (Rule(s)) and the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)).[1] In the analysis that follows, the Court will discuss some of the problems with the Corrected Complaint and provide Cauldwell with **one final opportunity** to file a complaint consistent with the Rules, the Local Rules, and this Court's orders. Cauldwell should carefully review this Order and the Shotgun Order. Cauldwell also should consider utilizing the resources available for pro se litigants, cited below, before filing another corrected complaint. Failure to comply with the pleading requirements set forth in the Court's orders **will result in the dismissal of this action without further notice**.

In the Shotgun Order, the Court set forth the pleading requirements in detail. See Shotgun Order at 2–6. Rather than risk redundancy and confusion

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules. The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

by repeating those requirements here, the Court directs Cauldwell to carefully review the pleading requirements discussed in the Shotgun Order. While Cauldwell made changes to the Corrected Complaint, Cauldwell failed to comply with the pleading requirements and the Court's directives. For example, rather than following the Court's instructions to (1) describe in sufficient detail the factual and legal basis for each of his claims, (2) set forth his allegations in numbered paragraphs, and (3) set forth each of his claims in a separately identifiable count, see Shotgun Order at 5–6, Cauldwell appears to have deleted his "Statement of Claim" section altogether. Compare Corrected Complaint at 6, with Complaint at 4. In doing so, Cauldwell exacerbates, rather than corrects, the pleading deficiencies identified in the Shotgun Order. Indeed, as the Court previously noted, "[t]he Rules require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Shotgun Order at 2–3 (citing Rule 8(a)(2)). But now, Cauldwell's pleading contains no statement of claim, leaving Defendant and the Court with only a few unnumbered, vague factual allegations and a handful of exhibits. See Corrected Complaint at 4; see generally Exhibits. This manner of pleading does not allow Defendant to "discern what [Cauldwell] is claiming and frame a responsive pleading," nor does it enable the Court to "determine which facts support which claims and whether [Cauldwell] has stated any claims upon which relief can be granted." See Fikes v. City of Daphne, 79 F.3d 1079, 1082

(11th Cir. 1996) (quoted authority omitted). To the extent that Cauldwell relies on exhibits to establish the factual basis for his claims, doing so is improper. While it may be permissible for a plaintiff to attach exhibits to a pleading, a plaintiff may not relegate all of his factual allegations to exhibits because a defendant cannot possibly frame a responsive pleading to a complaint drafted in that way. See Rule 8(b)(1)(B) (requiring a defendant to "admit or deny the allegations asserted against it" when responding to a complaint). Moreover, reliance on exhibits alone requires Defendant and the Court to speculate as to what claims Cauldwell asserts and as to how each exhibit is relevant. Ultimately, this manner of pleading fails "'to give the defendant[] adequate notice of the claims against [it] and the grounds upon which those claims rest.'" See Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020) (quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015)).

In light of the foregoing, the Corrected Complaint is due to be stricken. The Court will provide Cauldwell **one final opportunity** to file a pleading that complies with the Rules and the Court's orders. In his second corrected complaint, Cauldwell must avoid the pleading deficiencies discussed here and in the Shotgun Order. To do so, **Cauldwell must**:

1. Describe in sufficient detail the factual and legal basis for each of his claims.

2. State each factual allegation describing a single set of circumstances in a separately numbered paragraph.
3. State each claim for relief in a separately identifiable count, and, in separately numbered paragraphs underneath each count, identify the relevant facts that Cauldwell believes entitles him to relief in that count.

Cauldwell is reminded that, when repleading with separate counts, he should take care to avoid drafting a complaint in which he adopts or incorporates the allegations of preceding counts, as this also constitutes a form of impermissible shotgun pleading. See Weiland,792 F.3d at 1321 ("The most common type [of shotgun complaint] … is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). Moreover, should Cauldwell choose to use a form complaint in drafting his second corrected complaint, Cauldwell may set forth his causes of action and supporting factual allegations in a separate document if necessary to follow the Court's instructions. Finally, the Court reiterates that, in his second corrected complaint, Cauldwell must avoid the pleading deficiencies discussed above and in the Shotgun Order. Failure to comply with the Rules, the Local Rules, and this Court's orders **will result in dismissal of this action without further notice**.

Prior to filing his second corrected complaint, the Court again encourages Cauldwell to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Cauldwell may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

Accordingly, it is

**ORDERED:**

1. Cauldwell's Complaint for a Civil Case (Doc. 12) is **STRICKEN**.

[2] In preparing the second amended complaint and any future filings, the Court recommends that Cauldwell visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Cauldwell does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

2. Cauldwell shall file a second corrected complaint on or before **September 18, 2026**. Failure to timely and properly do so will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Lc35
Copies to:
Pro se party